IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2244-FL

| | | |
|---|---|---|
| JORGE LANDRIAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jorge Landrian ("petitioner"), a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

Petitioner challenges his sentence pursuant to the Armed Career Criminal Act. Respondent filed a pleading suggesting that there is an error in petitioner's sentence and arguing this matter should be transferred to petitioner's sentencing court, the United States District Court for the Western District of Wisconsin. Conley v. Crabtree, 14 F. Supp. 2d 1203 (D. Or. 1998), states that if an action is within the class of cases in which a petitioner challenges his conviction and sentence through a § 2241 petition, then the case should be transferred to the district in which the petitioner was convicted and sentenced. See also Hill v. Daniels, No. Civ. 05-1292-AA, 2005 WL 2249858, * 2 (D. Or. Sept. 14, 2005). The court in Conley reasoned that "the sentencing court, and the offices of the United States Attorney and the public defender that participated in the earlier proceeding,

usually will be more familiar with the details of the case than their counterparts in [another district]." Conley, 14 F. Supp. 2d at 1207. Additionally, in the event a non-sentencing court vacated a § 2241 petitioner's conviction, the action would need to be transferred to the sentencing court for further proceedings. Id.

In this case, it is in the interest of justice to transfer petitioner's petition to the sentencing court because the petition is within the class of § 2241 petitions in which petitioner is challenging his sentence. Moreover, the sentencing court is the more appropriate forum because the relevant documents and the probation office are located within the sentencing court's jurisdiction. Additionally, in the event petitioner prevails on his claim, it is likely that the action would be transferred to the sentencing court for re-sentencing. Accordingly, based upon the foregoing, it is ORDERED that this action is TRANSFERRED to the United States District Court for the Western District of Wisconsin for further proceedings.

SO ORDERED, this the 31st day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

2